Judy A. FULLMER, Petitioner,

v.

DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.

No. 03–3319.

United States Court of Appeals, Federal Circuit.

DECIDED: March 5, 2004.

Rehearing Denied March 31, 2004.

Kenneth D. Woodrow, Principal Attorney, Harold D. Lester, Jr., David M. Cohen, Department of Justice, of Counsel, Washington, DC, for Respondent.

Judy A. Fullmer, of Counsel, Mayer, AZ, pro se.

Before MICHEL, RADER, and SCHALL, Circuit Judges.

## DECISION

PER CURIAM.

Judy A. Fullmer petitions for review of the final decision of the Merit Systems Protection Board ("Board") that dismissed her appeal for lack of jurisdiction. *Fullmer v. Dep't of Health & Human Servs.*, No. SE-0752-01-0276-I-1, 94 M.S.P.R. 481, 2003 WL 21953952 (M.S.P.B. Aug. 12, 2003). The Board dismissed Ms. Full-

mer's appeal after it determined that her resignation from the Indian Health Service, a component of the Department of Health and Human Services ("DHHS" or "agency"), was voluntary and was not the result of duress due to intolerable working conditions, discrimination, or retaliation. We *affirm.*

## DISCUSSION

### I.

On July 11, 1997, Ms. Fullmer resigned from her position with the Indian Health Service. ·At the time of her resignation, she was employed as a Contract Representative, GS-9, with the Alternate Health Resources Office at the Alaska Native Medical Center ("ANMC"), an Indian Health Service Hospital. On July 4, 2001, Ms. Fullmer filed an appeal with the Board. In it, she alleged that her resignation was involuntary because it was the product of duress in the form of intolerable working conditions at ANMC. These working conditions, Ms. Fullmer asserted, were the result of discrimination based upon race (American Indian) and national origin (Chippewa), as well as retaliation for filing complaints with the Equal Employment Opportunity Commission ("EEOC") and harassment.

The Board has jurisdiction over those matters that are entrusted to it by law, rule, or regulation. 5 U.S.C. § 7701(a). Among the matters over which the Board has jurisdiction are removal actions. *See* 5 C.F.R. § 1201.3(a)(1)-(3). An employee who voluntarily resigns has no right of appeal to the Board. However, the Board may exercise jurisdiction over an appeal by an employee who has resigned "if the employee shows that his resignation ... was involuntary and thus tantamount to [a] forced removal." *Staats v. U.S. Postal Serv.*, 99 F.3d 1120, 1124 (Fed.Cir.1996).

One way that an employee may establish that a resignation was involuntary is by showing that it was coerced. *Id.* "In order to establish involuntariness on the basis of coercion [or duress], an employee must show that the agency effectively imposed the terms of the emplyee's resignation, . . . that the employee had no realistic alternative but to resign, . . . and that the employee's resignation . . . was the result of improper acts by the agency." *Id.*

Following a hearing, an administrative judge ("AJ") issued an initial decision in which he ruled that Ms. Fullmer had failed to establish that her resignation was the product of duress, and therefore involuntary. *Fullmer v. Dep't of Health & Human Servs.,* No. SE–0752–01–0276–I–1 (M.S.P.B. Feb. 15, 2002). He therefore dismissed the appeal for lack of jurisdiction. *Id.* The AJ stated:

> While there were uncomfortable aspects to appellant's employment situation at the time she resigned, they were not intolerable and they were not the result of improper acts by the agency. It appears that appellant's subjective perception of her situation was much more severe than the objective reality. Her unhappiness over her situation did not render her retirement involuntary, however.

*Id.* slip op. at 37–38.

The AJ's initial decision became the final decision of the Board on August 12, 2003, after the Board denied Ms. Fullmer's petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or unsupported by substantial evidence. 5 U.S.C. § 7703(c); *see Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed. Cir.1998).

Ms. Fullmer argues that the Board erred in dismissing her appeal for lack of jurisdiction. In making that argument, she points to the May 25, 2001 decision of DHHS denying her claim of involuntary resignation, in which the following statement appears: "Claim numbers 1 and 2 should be addressed jointly in this decision and by the MSPB if the Complainant decides to appeal this decision." Thus, Ms. Fullmer asserts that DHHS "put" her before the Board; she asks us to place her case "where it belongs."

We are unable to help Ms. Fullmer. The Board was the proper forum for her claim that her resignation from the agency was involuntary and thus constituted a forced removal. Her appeal was dismissed after the Board determined that she had failed to establish that her resignation was coerced and therefore involuntary. The Board's decision is thoroughly explained in the AJ's thirty-eight page initial decision. Significantly, Ms. Fullmer has not argued that the AJ's decision is unsupported by substantial evidence or is tainted by legal error. Thus, she has not presented us with any reason to disturb the decision. Under these circumstances, we have no alternative but to affirm the Board's dismissal of her appeal.